APPEAL,JD4,MJ CIV PP,NDISPO,STAYED,TERMED

# U.S. District Court − District of Colorado
# District of Colorado (Denver)
# CIVIL DOCKET FOR CASE #: 1:24−cv−00976−SKC−MDB

Gearhart v. University of Colorado Colorado Springs, et al
Assigned to: Judge S. Kato Crews
Referred to: Magistrate Judge Maritza Dominguez Braswell
Cause: 42:1983 Civil Rights Act

Date Filed: 04/10/2024
Date Terminated: 03/06/2026
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Kristen Gearhart** represented by **Paul M. Linnenburger**
Lane Linnenburger Lane LLP
PO Box 172632
Denver, CO 80217−2632
505−226−7979
Email: paul@attorneyslane.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**University of Colorado Colorado Springs**
*TERMINATED: 08/25/2025*

represented by **Hermine Kallman**
University of Colorado at Denver
Office of University Counsel
1800 Grant Street
Suite 700
Denver, CO 80203
303−860−5713
Fax: 303−860−5650
Email: hermine.kallman@cu.edu
*ATTORNEY TO BE NOTICED*

**Megan H. Clark**
The University of Colorado
Office of University Counsel
1800 Grant Street
Suite 700
Denver, CO 80233
303−860−5691
Email: megan.clark@cu.edu
*ATTORNEY TO BE NOTICED*

**Defendant**

**Regents of the University of Colorado, The**
*A body corporate*

represented by **Hermine Kallman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan H. Clark**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark Tomforde**
*TERMINATED: 02/14/2026*

represented by **Courtney B. Kramer**
SGR, LLC
3900 East Mexico Avenue
Suite 700
Denver, CO 80210
303−320−0509
Fax: 303−320−0210
Email: ckramer@sgrllc.com
*ATTORNEY TO BE NOTICED*

**James T. Kadolph**
SGR, LLC
3900 East Mexico Avenue
Suite 700
Denver, CO 80210
303−320−0509
Email: jkadolph@sgrllc.com
*ATTORNEY TO BE NOTICED*

**Megan H. Clark**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Zachary Mesyan**
*TERMINATED: 08/25/2025*

represented by **Amy Christine Colony**
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
720−508−6615
Fax: 720−508−6032
Email: amy.colony@coag.gov
*ATTORNEY TO BE NOTICED*

**Megan H. Clark**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael D. McMaster**
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
720−508−6484
Fax: 720−508−6041
Email: michael.mcmaster@coag.gov

*ATTORNEY TO BE NOTICED*

**Paige O'Shea Olson**
Colorado Department of Law
1300 Broadway
6th Floor
Denver, CO 80203
720−508−6171
Email: paige.olson@coag.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gene Abrams**
*TERMINATED: 08/25/2025*

represented by **Amy Christine Colony**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan H. Clark**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Laura Emmot**
*and John/Jane Does 1 Through 4*
*TERMINATED: 07/25/2024*

**Defendant**

**Jennifer Sobanet**
*Chancellor, in her official capacity; and John/Jane Does 1 Through 4*

represented by **Hermine Kallman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan H. Clark**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rex Welshon**
*TERMINATED: 06/14/2024*

**Defendant**

**Lynn Vidler**
*TERMINATED: 06/14/2024*

**Defendant**

**Tom Christensen**
*TERMINATED: 06/14/2024*

**Defendant**

**Kelli Klebe**
*TERMINATED: 06/14/2024*

**Defendant**

**Venkat Reddy**
*TERMINATED: 06/14/2024*

**Defendant**

**Mark Kennedy**
*And John/Jane Doe 1−4*
*TERMINATED: 06/14/2024*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 04/10/2024 | 1 | COMPLAINT against All Defendants (Filing fee $ 405,Receipt Number ACODC−9631749)Attorney Paul M. Linnenburger added to party Kristen Gearhart(pty:pla), filed by Kristen Gearhart. (Attachments: # 1 Civil Cover Sheet)(Linnenburger, Paul) (Entered: 04/10/2024) |
| 04/10/2024 | 2 | Case assigned to Magistrate Judge N. Reid Neureiter. Text Only Entry (bcroc, ) (Entered: 04/11/2024) |
| 04/10/2024 | 4 | Magistrate Judge consent form issued pursuant to D.C.COLO.LCivR 40.1, direct assignment of civil actions to full time magistrate judges. No summons issued. (bcroc, ) (Entered: 04/11/2024) |
| 04/11/2024 | 3 | CASE REASSIGNED. This case was originally assigned incorrectly, therefore has been randomly reassigned to Magistrate Judge Maritza Dominguez Braswell. All future pleadings should be designated as 24−cv−976−MDB. (Text only entry.) (bcroc, ) (Entered: 04/11/2024) |
| 04/26/2024 | 5 | ORDER SETTING INITIAL CASE DEADLINES. Consent Form due by 6/5/2024. Proposed Scheduling Order due 6/5/2024. By Magistrate Judge Maritza Dominguez Braswell on 4/26/2024. (evaug) (Entered: 04/26/2024) |
| 06/05/2024 | 6 | MINUTE ORDER: The docket indicates Defendants are yet to be served in this matter. Accordingly, the deadline to file a proposed scheduling order and consent form is *sua sponte* extended to August 5, 2024. By Magistrate Judge Maritza Dominguez Braswell on 6/5/2024. Text Only Entry (mdblc1) (Entered: 06/05/2024) |
| 06/14/2024 | 7 | AMENDED COMPLAINT against Gene Abrams, Laura Emmot, Zachary Mesyan, Regents of the University of Colorado, The, Mark Tomforde, University of Colorado Colorado Springs, filed by Kristen Gearhart.(Linnenburger, Paul) (Entered: 06/14/2024) |
| 06/14/2024 | 8 | SUMMONS REQUEST as to Tomforde, Abrams, Mesyan, Emmot, Regents, UCCS re 7 Amended Complaint by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 06/14/2024) |
| 06/20/2024 | 9 | Administrative Notice: The summonses will not be issued due to an incomplete case caption. The summonses must list all defendants; "et al." cannot substitute the listing of all parties named in the case per Fed Civ. Rule 4. (Text Only Entry) (jrobe, ) (Entered: 06/20/2024) |

| | | |
|---|---|---|
| 06/25/2024 | 10 | SUMMONS REQUEST as to Tomforde, Abrams, Mesyan, Emmot, Regents, UCCS re 7 Amended Complaint by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 06/25/2024) |
| 07/03/2024 | 11 | Administrative Notice: The summonses will not be issued due to an incomplete case caption. All parties to the action must be listed in the case caption per Fed Civ. Rule 4. (Text Only Entry) (ccuen, ) (Entered: 07/03/2024) |
| 07/03/2024 | 12 | SUMMONS REQUEST as to University of Colorado Colorado Springs, Regents of the University of Colorado, Mark Tomforde, Zachary Mesyan, Gene Abrams, Jennifer Sobanet re 7 Amended Complaint by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 07/03/2024) |
| 07/17/2024 | 13 | SUMMONSES issued by Clerk. (jrobe, ) (Entered: 07/17/2024) |
| 07/25/2024 | 14 | NOTICE of Voluntary Dismissal of Party *Laura Emmot* by Plaintiff Kristen Gearhart (Linnenburger, Paul) (Entered: 07/25/2024) |
| 07/30/2024 | 15 | NOTICE of Entry of Appearance by Courtney B. Kramer on behalf of Mark TomfordeAttorney Courtney B. Kramer added to party Mark Tomforde(pty:dft) (Kramer, Courtney) (Entered: 07/30/2024) |
| 07/30/2024 | 16 | NOTICE of Entry of Appearance by James T. Kadolph on behalf of Mark TomfordeAttorney James T. Kadolph added to party Mark Tomforde(pty:dft) (Kadolph, James) (Entered: 07/30/2024) |
| 08/01/2024 | 17 | CONSENT to Jurisdiction of Magistrate Judge by Plaintiff Kristen Gearhart All parties do not consent.. (Linnenburger, Paul) (Entered: 08/01/2024) |
| 08/01/2024 | 18 | CASE REASSIGNED Pursuant to 17 Consent to Jurisdiction of Magistrate Judge. All parties do not consent. Case randomly reassigned to U.S. District Judge S. Kato Crews and drawn to Magistrate Judge Maritza Dominguez Braswell. All future pleadings should be designated as **24−cv−00976−SKC**. (Text Only Entry) (jrobe, ) (Entered: 08/01/2024) |
| 08/02/2024 | 19 | ORDER REFERRING CASE to Magistrate Judge Maritza Dominguez Braswell for **non−dispositive matters.** Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, and (3) hear and determine pretrial matters, including discovery and other non−dispositive motions. Court−sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the request of the parties by motion, this Court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding. Alternatively, the Magistrate Judge, at their discretion, may convene such early neutral evaluation and/or settlement conferences and direct related procedures as may facilitate resolution of this case without the necessity of a motion or prior authorization of the undersigned. **Counsel for the Parties and all counsel who may later enter an appearance shall review and familiarize themselves with the undersigned's Standing Order and Practice Standards, as well as the Practice Standards of the assigned Magistrate Judge.** By U.S. District Judge S. Kato Crews on 8/2/2024. Text Only Entry (skcja, ) (Entered: 08/02/2024) |

| | | |
|---|---|---|
| 08/07/2024 | 20 | **DISCHARGED** ORDER TO SHOW CAUSE by Magistrate Judge Maritza Dominguez Braswell on 08/07/2024. It is ORDERED that, on or before **August 28, 2024**, Plaintiff shall show cause, in writing, why his claims against the aforementioned Defendants should not be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), for lack of service. If the response is not timely filed, or if Plaintiff fails to show good cause for his failure to serve Defendant, the Court will recommend dismissal without further notice. (jrobe, ) Modified to discharge pursuant to 25 Minute Order on 8/27/2024 (jrobe, ). (Entered: 08/07/2024) |
| 08/08/2024 | 21 | NOTICE of Entry of Appearance *by Megan Clark* by Megan H. Clark on behalf of Regents of the University of Colorado, The, Jennifer Sobanet, University of Colorado Colorado SpringsAttorney Megan H. Clark added to party Regents of the University of Colorado, The(pty:dft), Attorney Megan H. Clark added to party Jennifer Sobanet(pty:dft), Attorney Megan H. Clark added to party University of Colorado Colorado Springs(pty:dft) (Clark, Megan) (Entered: 08/08/2024) |
| 08/15/2024 | 22 | NOTICE of Entry of Appearance by Michael D. McMaster on behalf of Zachary MesyanAttorney Michael D. McMaster added to party Zachary Mesyan(pty:dft) (McMaster, Michael) (Entered: 08/15/2024) |
| 08/26/2024 | 23 | WAIVER OF SERVICE Returned Executed by Kristen Gearhart. Gene Abrams waiver sent on 7/26/2024, answer due 9/24/2024; Zachary Mesyan waiver sent on 7/26/2024, answer due 9/24/2024; Regents of the University of Colorado, The waiver sent on 7/26/2024, answer due 9/24/2024; Jennifer Sobanet waiver sent on 7/26/2024, answer due 9/24/2024; Mark Tomforde waiver sent on 7/26/2024, answer due 9/24/2024; University of Colorado Colorado Springs waiver sent on 7/26/2024, answer due 9/24/2024. (Attachments: # 1 Exhibit UCCS Waiver, # 2 Exhibit Regents Waiver, # 3 Exhibit Tomforde Waiver, # 4 Exhibit Mesyan Waiver, # 5 Exhibit Abrams Waiver, # 6 Exhibit Sobanet Waiver)(Linnenburger, Paul) (Entered: 08/26/2024) |
| 08/26/2024 | 24 | RESPONSE TO ORDER TO SHOW CAUSE re 20 by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 08/26/2024) |
| 08/27/2024 | 25 | MINUTE ORDER: For good cause shown, the 20 Order to Show Cause is **DISCHARGED**. Additionally, the deadline to file a proposed scheduling order is **reset to October 7, 2024**. By Magistrate Judge Maritza Dominguez Braswell on 8/27/2024. Text Only Entry (mdblc1) (Entered: 08/27/2024) |
| 08/28/2024 | 26 | NOTICE of Entry of Appearance by Amy Christine Colony on behalf of Gene AbramsAttorney Amy Christine Colony added to party Gene Abrams(pty:dft) (Colony, Amy) (Entered: 08/28/2024) |
| 09/05/2024 | 27 | NOTICE of Entry of Appearance by Hermine Kallman on behalf of Regents of the University of Colorado, The, Jennifer Sobanet, University of Colorado Colorado SpringsAttorney Hermine Kallman added to party Regents of the University of Colorado, The(pty:dft), Attorney Hermine Kallman added to party Jennifer Sobanet(pty:dft), Attorney Hermine Kallman added to party University of Colorado Colorado Springs(pty:dft) (Kallman, Hermine) (Entered: 09/05/2024) |
| 09/17/2024 | 28 | MOTION for Extension of Time to File Answer or Otherwise Respond re 7 Amended Complaint by Defendants Gene Abrams, Zachary Mesyan. (Colony, Amy) (Entered: 09/17/2024) |
| 09/18/2024 | 29 | |

| | | |
|---|---|---|
| | | ORDER granting 28 MOTION for Extension of Time to File Answer or Otherwise Respond re 7 Amended Complaint. For good cause, Defendants Gene Abrams and Zachary Mesyan are granted an extension of up to and including 10/15/2024 to answer or otherwise respond to the complaint. By Judge S. Kato Crews on 9/18/2024. Text Only Entry(skcja, ) (Entered: 09/18/2024) |
| 09/18/2024 | 30 | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond by Defendant Mark Tomforde. (Kadolph, James) (Entered: 09/18/2024) |
| 09/18/2024 | 31 | ORDER granting Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond. For good cause, Defendant Mark Tomforde is granted an extension of up to and including 10/15/2024 to answer or otherwise respond to the Amended Complaint. By Judge S. Kato Crews on 9/18/2024. Text Only Entry(skcja, ) (Entered: 09/18/2024) |
| 09/23/2024 | 32 | MOTION to Dismiss *by Megan Clark*, MOTION to Dismiss for Failure to State a Claim by Defendants Gene Abrams, Zachary Mesyan, Regents of the University of Colorado, The, Jennifer Sobanet, Mark Tomforde, University of Colorado Colorado Springs. (Clark, Megan) (Entered: 09/23/2024) |
| 10/04/2024 | 33 | Unopposed MOTION for Extension of Time to *Submit Parties' Proposed Scheduling Order* by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 10/04/2024) |
| 10/04/2024 | 34 | MEMORANDUM: re 33 Unopposed MOTION for Extension of Time to *Submit Parties' Proposed Scheduling Order* filed by Kristen Gearhart. Motion referred to Magistrate Judge Maritza Dominguez Braswell. By Judge S. Kato Crews on 10/4/2024. Text Only Entry (skcja, ) (Entered: 10/04/2024) |
| 10/04/2024 | 35 | MINUTE ORDER granting Plaintiff's 33 Unopposed Motion to Extend Deadline for Submission of Parties' Proposed Scheduling Order Until October 28, 2024. The deadline to submit a proposed scheduling order is extended to October 28, 2024. By Magistrate Judge Maritza Dominguez Braswell on 10/4/2024. Text Only Entry(mdblc1) (Entered: 10/04/2024) |
| 10/08/2024 | 36 | NOTICE re 32 MOTION to Dismiss *by Megan Clark* MOTION to Dismiss for Failure to State a Claim *Local Rule 6.1(a) Extension* by Plaintiff Kristen Gearhart (Linnenburger, Paul) (Entered: 10/08/2024) |
| 10/08/2024 | 37 | ORDER Counsel for Plaintiff filed a Notice at ECF doc. 36 that advises the Court of a stipulation made with opposing counsel to extend the deadline for the filing of Plaintiff's response to the motion to dismiss, citing D.C.COLO.LCivR.6.1(a). The Local Rule only applies to pleadings and pursuant to Fed.R.Civ.P. 7, a motion is not considered a pleading. The Court will construe the Notice as a motion to extend the response deadline and the motion is granted. Plaintiff is granted an extension of up to and including 10/18/2024 to file a response to 32 Motion to Dismiss. By Judge S. Kato Crews on 10/8/2024. Text Only Entry (skcja, ) (Entered: 10/08/2024) |
| 10/13/2024 | 38 | MOTION for Leave to File Excess Pages by Defendants Gene Abrams, Zachary Mesyan. (Colony, Amy) (Entered: 10/13/2024) |
| 10/15/2024 | 39 | ORDER granting 38 Motion for Leave to File Excess Pages. Defendants may have 10 additional pages for their Motion to Dismiss. By Judge S. Kato Crews on 10/15/2024. Text Only Entry (skclc1) (Entered: 10/15/2024) |
| 10/15/2024 | 40 | ANSWER to 7 Amended Complaint by Mark Tomforde.(Kramer, Courtney) (Entered: 10/15/2024) |

| | | |
|---|---|---|
| 10/15/2024 | 41 | Joint MOTION to Dismiss *Plaintiff's Amended Complaint (ECF #7)* by Defendants Gene Abrams, Zachary Mesyan. (Colony, Amy) (Entered: 10/15/2024) |
| 10/18/2024 | 42 | Unopposed MOTION for Leave to File Excess Pages *in Response to University Defendants Motion to Dismiss* by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 10/18/2024) |
| 10/18/2024 | 43 | RESPONSE to 32 MOTION to Dismiss *by Megan Clark* MOTION to Dismiss for Failure to State a Claim filed by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 10/18/2024) |
| 10/21/2024 | 44 | ORDER granting 42 Motion for Leave to File Excess Pages. Plaintiff may file a response no more than 25 pages in length. By Judge S. Kato Crews on 10/21/2024. Text Only Entry(skclc1) (Entered: 10/21/2024) |
| 10/29/2024 | 45 | Proposed Scheduling Order by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 10/29/2024) |
| 10/30/2024 | 46 | MOTION for Leave to File Excess Pages by Defendants Regents of the University of Colorado, The, Jennifer Sobanet, University of Colorado Colorado Springs, Mark Tomforde, Zachary Mesyan, Gene Abrams. (Clark, Megan) (Entered: 10/30/2024) |
| 10/30/2024 | 47 | ORDER granting 46 Motion for Leave to File Excess Pages. Defendants may have five additional pages for their Reply in support of their Motion to Dismiss. By Judge S. Kato Crews on 10/30/2024. Text Only Entry (skclc1) (Entered: 10/30/2024) |
| 11/01/2024 | 48 | REPLY to Response to 32 MOTION to Dismiss *by Megan Clark* MOTION to Dismiss for Failure to State a Claim filed by Defendants Regents of the University of Colorado, The, Jennifer Sobanet, University of Colorado Colorado Springs, Mark Tomforde, Zachary Mesyan, Gene Abrams. (Clark, Megan) (Entered: 11/01/2024) |
| 11/05/2024 | 49 | Unopposed MOTION for Extension of Time to File Response/Reply as to 41 Joint MOTION to Dismiss *Plaintiff's Amended Complaint (ECF #7)* by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 11/05/2024) |
| 11/05/2024 | 50 | ORDER granting 49 Motion for Extension of Time to File Response/Reply. Plaintiff is granted an extension of up to and including 11/15/2024 to file a response to the Joint Motion to Dismiss. By Judge S. Kato Crews on 11/5/2024. Text Only Entry(skcja, ) (Entered: 11/05/2024) |
| 11/08/2024 | 51 | SCHEDULING ORDER: Discovery due by 4/30/2025. Dispositive Motions due by 6/30/2025. Deadline for Motion for Protective Order is 12/16/2024. Final Pretrial Conference will be set after the dispositive motion deadline has passed and the Court has issued rulings on all such motions, or no dispositive motions have been filed and the deadline has passed. By Magistrate Judge Maritza Dominguez Braswell on 11/8/2024. (evaug ) (Entered: 11/08/2024) |
| 11/15/2024 | 52 | Joint MOTION to Stay *Discovery* by Defendants Zachary Mesyan, Gene Abrams. (Colony, Amy) (Entered: 11/15/2024) |
| 11/15/2024 | 53 | Unopposed MOTION for Leave to File Excess Pages *for Response to Joint Motion to Dismiss* by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 11/15/2024) |
| 11/15/2024 | 54 | MEMORANDUM: re 52 Joint MOTION to Stay *Discovery* filed by Gene Abrams, Zachary Mesyan. Motion referred to Magistrate Judge Maritza Dominguez Braswell. By Judge S. Kato Crews on 11/15/2024. Text Only Entry (skcja, ) (Entered: |

| | | |
|---|---|---|
| | | 11/15/2024) |
| 11/15/2024 | 55 | RESPONSE to 41 Joint MOTION to Dismiss *Plaintiff's Amended Complaint (ECF #7)* filed by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 11/15/2024) |
| 11/18/2024 | 56 | ORDER granting 53 Motion for Leave to File Excess Pages. Plaintiff's Response is accepted as filed. By Judge S. Kato Crews on 11/18/2024. Text Only Entry (skclc1) (Entered: 11/18/2024) |
| 11/25/2024 | 57 | Unopposed MOTION for Extension of Time to File Response/Reply as to 41 Joint MOTION to Dismiss *Plaintiff's Amended Complaint (ECF #7)* by Defendants Zachary Mesyan, Gene Abrams. (McMaster, Michael) (Entered: 11/25/2024) |
| 11/25/2024 | 58 | ORDER granting 57 Motion for Extension of Time to File Response/Reply. The deadline to file a reply in support of 41 Motion to Dismiss is extended and now due on or before 12/13/2024. By Judge S. Kato Crews on 11/25/2024. Text Only Entry(skcja, ) (Entered: 11/25/2024) |
| 12/10/2024 | 59 | Second MOTION for Extension of Time to File Response/Reply as to 41 Joint MOTION to Dismiss *Plaintiff's Amended Complaint (ECF #7)* by Defendants Zachary Mesyan, Gene Abrams. (Colony, Amy) (Entered: 12/10/2024) |
| 12/11/2024 | 60 | ORDER granting 59 Motion for Extension of Time to File Response/Reply. Defendants seek additional time, at least in part, because Plaintiff apparently intends to file a motion to amend her pleadings. The date set in the Scheduling Order for amendments has passed and as far as the Court can tell, there has not been a request for additional time to do so. To the extent the Defendants do not consent to the amendment, Plaintiff will need to address this delay in any forthcoming motions. Nevertheless, the Court will extend Defendants' deadline to and including January 31, 2025.<br><br>SO ORDERED by Judge S. Kato Crews on 12/11/2024. Text Only Entry (skclc1) (Entered: 12/11/2024) |
| 12/19/2024 | 61 | MOTION for Leave to *file Second Amended Complaint* 7 Amended Complaint by Plaintiff Kristen Gearhart. (Attachments: # 1 Exhibit Ex A − Proposed Second Amended Complaint − Redline)(Linnenburger, Paul) (Entered: 12/19/2024) |
| 12/20/2024 | 62 | ORDER: In her Motion to Amend, Plaintiff contends that her First Amended Complaint sufficiently states claims for relief, but if the Court concludes it does not, the Court should examine the Second Amended Complaint. The Court will not engage in such an inefficient use of time. Plaintiff submits that this proposed Second Amended Complaint addresses the deficiencies Defendants have cited in their Motions, and therefore, the Court concludes she wishes to proceed pursuant to this most recent filing. On this one occasion and given the Court's obligations pursuant to Fed. R. Civ. P. 1, the Court will permit such an amendment. But Plaintiff is cautioned that if Defendants again choose to file Motions to Dismiss, she will not be permitted to amend her pleadings again in this manner absent exceedingly good cause.<br><br>Plaintiff's Motion to Amend is GRANTED and Defendants' pending Motions to Dismiss are MOOT. On or before the close of business on December 23, 2024, Plaintiff shall file a clean copy of her Second Amended Complaint. Defendants may have to and including January 31, 2024, to answer or otherwise respond. |

| | | |
|---|---|---|
| | | SO ORDERED by Judge S. Kato Crews on 12/20/2024. Text Only Entry (skclc1) (Entered: 12/20/2024) |
| 12/20/2024 | 63 | MOTION for Reconsideration re 62 Order on Motion to Dismiss,,,,, Order on Motion to Dismiss for Failure to State a Claim,,,,,,,,, Order on Motion for Leave,,,, by Defendants Regents of the University of Colorado, The, Jennifer Sobanet, University of Colorado Colorado Springs. (Clark, Megan) (Entered: 12/20/2024) |
| 12/22/2024 | 64 | AMENDED COMPLAINT *Second Amended Complaint* against Gene Abrams, Zachary Mesyan, Regents of the University of Colorado, The, Jennifer Sobanet, Mark Tomforde, University of Colorado Colorado Springs, filed by Kristen Gearhart.(Linnenburger, Paul) (Entered: 12/22/2024) |
| 12/30/2024 | 65 | ORDER denying 63 Motion for Reconsideration. The Court is mindful of the additional efforts it will now take for Defendants to respond to the amended pleading and respects the efforts they have already undertaken in their other filings. However, it is this Court's opinion that futility arguments are more appropriately and effectively addressed through Motions to Dismiss as opposed to challenging a Motion to Amend, not least in part because Defendants are given the opportunity to file Replies. Consequently, the Court accepts the Second Amended Complaint as the operative pleading in this matter and denies the Motion to Reconsider. Should Defendants require additional time to answer or otherwise respond, the Court is amenable to such requests, and they may file the appropriate motions.<br><br>SO ORDERED by Judge S. Kato Crews on 12/30/2024. Text Only Entry (skclc1) (Entered: 12/30/2024) |
| 12/31/2024 | 66 | NOTICE of Entry of Appearance by Paige O'Shea Olson on behalf of Zachary MesyanAttorney Paige O'Shea Olson added to party Zachary Mesyan(pty:dft) (Olson, Paige) (Entered: 12/31/2024) |
| 01/29/2025 | 67 | Unopposed MOTION for Leave to File Excess Pages by Defendants Regents of the University of Colorado, The, Jennifer Sobanet, University of Colorado Colorado Springs, Mark Tomforde, Zachary Mesyan, Gene Abrams. (Clark, Megan) (Entered: 01/29/2025) |
| 01/29/2025 | 68 | ORDER granting 67 Motion for Leave to File Excess Pages. Defendants may have 10 additional pages in support of their forthcoming motion to dismiss. In addition, Plaintiff may have an additional 10 pages in support of any response. By Judge S. Kato Crews on 1/29/2025. Text Only Entry (skclc1) (Entered: 01/29/2025) |
| 01/29/2025 | 69 | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 64 Amended Complaint, by Defendant Zachary Mesyan. (Olson, Paige) (Entered: 01/29/2025) |
| 01/30/2025 | 70 | ORDER granting 69 Motion for Extension of Time to Answer or Otherwise Respond. Defendants Gene Abrams and Zachary Mesyan shall answer or otherwise respond to Plaintiff's Second Amended Complaint on or before 2/14/2025. By Judge S. Kato Crews on 1/30/2025. Text Only Entry(skcja, ) (Entered: 01/30/2025) |
| 01/30/2025 | 71 | MOTION for Extension of Time to File Answer or Otherwise Respond re 64 Amended Complaint, by Defendant Mark Tomforde. (Kadolph, James) (Entered: 01/30/2025) |
| 01/30/2025 | 72 | |

| | | |
|---|---|---|
| | | ORDER granting 71 Motion for Extension of Time to Answer or Otherwise Respond. Defendant Mark Tomforde shall file a responsive pleading to the Second Amended Complaint on or before 2/14/2025. By Judge S. Kato Crews on 1/30/2025. Text Only Entry(skcja, ) (Entered: 01/30/2025) |
| 01/31/2025 | 73 | Joint MOTION to Dismiss Party *Defendants Mark Tomforde, Zachary Mesyan, Gene Abrams, and Does 1−4 in their Official Capacities Only* by Defendants Regents of the University of Colorado, The, Jennifer Sobanet, University of Colorado Colorado Springs, Mark Tomforde, Zachary Mesyan, Gene Abrams. (Clark, Megan) (Entered: 01/31/2025) |
| 01/31/2025 | 74 | MOTION to Dismiss for Failure to State a Claim *as to Plaintiff's Second Amended Complaint* by Defendants Regents of the University of Colorado, The, Jennifer Sobanet, University of Colorado Colorado Springs. (Clark, Megan) (Entered: 01/31/2025) |
| 02/03/2025 | 75 | ORDER granting 73 Joint Motion to Dismiss Party. Defendants Mark Tomforde, Zachary Mesyan, Gene Abrams, and Does 1−4 are DISMISSED in their official capacities with each party to bear its own costs and fees. These Defendants will remain in their individual capacity only. The docket and all future filings shall reflect this change. By Judge S. Kato Crews on 2/3/2025. Text Only Entry(skcja, ) (Entered: 02/03/2025) |
| 02/03/2025 | 76 | MINUTE ORDER: On review of the 52 Joint Motion to Stay Discovery, the Court finds the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955 (D. Colo. Mar. 30, 2006) weigh in favor of a stay. Thus, all proceedings are stayed until resolution of the pending motion to dismiss. By Magistrate Judge Maritza Dominguez Braswell on 2/3/2025. Text Only Entry (mdblc5) (Entered: 02/03/2025) |
| 02/14/2025 | 77 | Partial MOTION to Dismiss by Defendant Mark Tomforde. (Kramer, Courtney) (Entered: 02/14/2025) |
| 02/14/2025 | 78 | MOTION for Leave to File Excess Pages by Defendants Zachary Mesyan, Gene Abrams. (Colony, Amy) (Entered: 02/14/2025) |
| 02/14/2025 | 79 | MOTION to Dismiss for Failure to State a Claim *Second Amended Complaint* by Defendants Zachary Mesyan, Gene Abrams. (Colony, Amy) (Entered: 02/14/2025) |
| 02/18/2025 | 80 | ORDER granting 78 Motion for Leave to File Excess Pages. Defendants' Motion to Dismiss is accepted for filing. By Judge S. Kato Crews on 2/18/2025. Text Only Entry (skclc1) (Entered: 02/18/2025) |
| 03/05/2025 | 81 | Unopposed MOTION for Extension of Time to File Response/Reply as to 74 MOTION to Dismiss for Failure to State a Claim *as to Plaintiff's Second Amended Complaint* by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 03/05/2025) |
| 03/05/2025 | 82 | ORDER granting 81 Motion for Extension of Time to File Response/Reply. The Court notes that this motion is filed 12 days after the original deadline. However, noting that the motion is unopposed, the motion is granted. Plaintiff shall file a response to 74 Motion to Dismiss on or before 3/17/2025. By Judge S. Kato Crews on 3/5/2025. Text Only Entry(skcja, ) (Entered: 03/05/2025) |
| 03/07/2025 | 83 | Unopposed MOTION for Extension of Time to File Response/Reply as to 79 MOTION to Dismiss for Failure to State a Claim *Second Amended Complaint* by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 03/07/2025) |

| | | |
|---|---|---|
| 03/07/2025 | 84 | Unopposed MOTION for Extension of Time to File Response/Reply as to 77 Partial MOTION to Dismiss by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 03/07/2025) |
| 03/07/2025 | 85 | NOTICE of Change of Address/Contact Information by Paul M. Linnenburger (Linnenburger, Paul) (Entered: 03/07/2025) |
| 03/07/2025 | 86 | ORDER granting 83 Motion for Extension of Time to File Response/Reply and granting 84 Motion for Extension of Time to File Response/Reply. Plaintiff is granted an extension of up to and including 3/12/2025 to file a response to 77 Motion to Dismiss. Plaintiff is also granted an extension of up to and including 3/20/2025 to file a response to 79 Motion to Dismiss. By Judge S. Kato Crews on 3/7/2025. Text Only Entry(skcja, ) (Entered: 03/07/2025) |
| 03/12/2025 | 87 | RESPONSE to 77 Partial MOTION to Dismiss filed by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 03/12/2025) |
| 03/17/2025 | 88 | Unopposed MOTION for Leave to File Excess Pages *in Response to University Defendants Motion to Dismiss SAC* by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 03/17/2025) |
| 03/17/2025 | 89 | RESPONSE to 74 MOTION to Dismiss for Failure to State a Claim *as to Plaintiff's Second Amended Complaint* filed by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 03/17/2025) |
| 03/18/2025 | 90 | ORDER granting 88 Motion for Leave to File Excess Pages. Plaintiff's response is accepted as filed. By Judge S. Kato Crews on 3/18/2025. Text Only Entry (skclc1) (Entered: 03/18/2025) |
| 03/20/2025 | 91 | Unopposed MOTION for Extension of Time to File Response/Reply as to 79 MOTION to Dismiss for Failure to State a Claim *Second Amended Complaint* by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 03/20/2025) |
| 03/20/2025 | 92 | ORDER granting 91 Motion for Extension of Time to File Response/Reply. For good cause, Plaintiff is granted an extension of up to and including 3/31/2025 to file a response to 79 Motion to Dismiss. By Judge S. Kato Crews on 3/20/2025. Text Only Entry(skcja, ) (Entered: 03/20/2025) |
| 03/26/2025 | 93 | REPLY to Response to 77 Partial MOTION to Dismiss filed by Defendant Mark Tomforde. (Kadolph, James) (Entered: 03/26/2025) |
| 03/31/2025 | 94 | REPLY to Response to 74 MOTION to Dismiss for Failure to State a Claim *as to Plaintiff's Second Amended Complaint* filed by Defendants Regents of the University of Colorado, The, Jennifer Sobanet, University of Colorado Colorado Springs. (Clark, Megan) (Entered: 03/31/2025) |
| 03/31/2025 | 95 | Unopposed MOTION for Leave to File Excess Pages by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 03/31/2025) |
| 03/31/2025 | 96 | RESPONSE to 79 MOTION to Dismiss for Failure to State a Claim *Second Amended Complaint* filed by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 03/31/2025) |
| 04/01/2025 | 97 | ORDER granting 95 Motion for Leave to File Excess Pages. Plaintiff's Response is accepted as filed. By Judge S. Kato Crews on 4/1/2025. Text Only Entry (skclc1) (Entered: 04/01/2025) |

| | | |
|---|---|---|
| 04/10/2025 | 98 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 85 Notice of Change of Address/Contact Information filed by attorney Paul M. Linnenburger. **DO NOT REFILE THE DOCUMENT. Action to take −** counsel must submit a change of contact request through the Manage my Account tab at the PACER website at https://www.pacer.gov/, pursuant to D.C.COLO.LAttyR 5(c) and 3.5 of the Electronic Case Filing Procedures (Civil cases).(Text Only Entry) (ccuen, ) (Entered: 04/10/2025) |
| 04/10/2025 | 99 | Unopposed MOTION for Extension of Time to File Response/Reply as to 79 MOTION to Dismiss for Failure to State a Claim *Second Amended Complaint* by Defendants Kelli Klebe, Gene Abrams. (Colony, Amy) (Entered: 04/10/2025) |
| 04/11/2025 | 100 | ORDER granting 99 Motion for Extension of Time to File Response/Reply. For good cause shown, Defendants Abrams and Mesyan are granted an extension of up to and including 4/25/2025 to file a reply in support of their 79 Joint Motion to Dismiss. By Judge S. Kato Crews on 4/11/2025. Text Only Entry(skcja, ) (Entered: 04/11/2025) |
| 04/25/2025 | 101 | Unopposed MOTION for Leave to File Excess Pages *for Reply in Support of Motion to Dismiss (ECF #79)* by Defendants Zachary Mesyan, Gene Abrams. (Attachments: # 1 Proposed Order (PDF Only))(Olson, Paige) (Entered: 04/25/2025) |
| 04/25/2025 | 102 | REPLY to Response to 79 MOTION to Dismiss for Failure to State a Claim *Second Amended Complaint* filed by Defendants Zachary Mesyan, Gene Abrams. (Olson, Paige) (Entered: 04/25/2025) |
| 04/28/2025 | 103 | ORDER granting 101 Motion for Leave to File Excess Pages. The Reply is accepted as filed. By Judge S. Kato Crews on 4/28/2025. Text Only Entry (skclc1) (Entered: 04/28/2025) |
| 08/25/2025 | 104 | ORDER re the University's 74 Motion to Dismiss for Failure to State a Claim; Mark Tomforde's 77 Partial Motion to Dismiss; and Gene Abrams and Zachary Mesyan's 79 Motion to Dismiss for Failure to State a Claim.<br><br>For the reasons discussed herein, the Motions to Dismiss are GRANTED. Plaintiff's claims against the University, Abrams, and Mesyan are dismissed with prejudice. In addition, Plaintiff's Fourteenth Amendment claims against Tomforde for retaliation and for violations of her due process rights to her education and reputation are dismissed with prejudice.<br><br>The remaining Parties shall contact Judge Dominguez Braswell's chambers to reset the Scheduling Order deadlines.<br><br>SO ORDERED by Judge S. Kato Crews on 8/25/2025.(skclc1) (Entered: 08/25/2025) |
| 09/05/2025 | 105 | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 64 Amended Complaint, by Defendant Mark Tomforde. (Kadolph, James) (Entered: 09/05/2025) |
| 09/05/2025 | 106 | ORDER granting 105 Motion for Extension of Time to Answer or Otherwise Respond. For good cause, Mark Tomforde is granted an extension of up to and including September 11, 2025 to respond to the Amended Complaint. By Judge S. Kato Crews on 9/5/2025. Text Only Entry(skcja, ) (Entered: 09/05/2025) |
| 09/08/2025 | 107 | Proposed Scheduling Order *Updated Proposed Scheduling Order Per Court Directive* by Plaintiff Kristen Gearhart. (Linnenburger, Paul) (Entered: 09/08/2025) |

| | | |
|---|---|---|
| 09/11/2025 | 108 | ANSWER to 64 Amended Complaint, by Mark Tomforde.(Kramer, Courtney) (Entered: 09/11/2025) |
| 09/19/2025 | 109 | SCHEDULING ORDER: Joint Motion for Protective Order due by 10/10/2025. Designation of Affirmative Experts due 1/9/2026. Designation of Rebuttal Experts due 2/6/2026. Discovery due by 3/16/2026. Dispositive Motions due by 4/27/2026. By Magistrate Judge Maritza Dominguez Braswell on 9/19/2025. (evaug) (Entered: 09/19/2025) |
| 10/10/2025 | 110 | Joint MOTION for Protective Order by Defendant Mark Tomforde. (Attachments: # 1 Exhibit A)(Kadolph, James) (Entered: 10/10/2025) |
| 10/11/2025 | 111 | MEMORANDUM regarding 110 Joint MOTION for Protective Order filed by Mark Tomforde. Motion referred to Magistrate Judge Maritza Dominguez Braswell. By Judge S. Kato Crews on 10/11/2025. Text Only Entry (skcja, ) (Entered: 10/11/2025) |
| 10/17/2025 | 112 | ORDER granting 110 Motion for Protective Order by Magistrate Judge Maritza Dominguez Braswell on 10/17/2025. Text Only Entry(evaug) (Entered: 10/17/2025) |
| 10/17/2025 | 113 | PROTECTIVE ORDER by Magistrate Judge Maritza Dominguez Braswell on 10/17/2025. (evaug ) (Entered: 10/17/2025) |
| 02/03/2026 | 114 | NOTICE of Settlement *on Behalf of Plaintiff and Defendant Tomforde* by Defendant Mark Tomforde (Kadolph, James) (Entered: 02/03/2026) |
| 02/03/2026 | 115 | ORDER This matter is before the Court on 114 Notice of Settlement of Claims Against Defendant Tomorde. On or before March 20, 2026, dismissal papers shall be filed as to Defendant Mark Tomeforde. By Judge S. Kato Crews on 2/3/2026. Text Only Entry (skcja, ) (Entered: 02/03/2026) |
| 02/13/2026 | 116 | Joint MOTION to Dismiss *(and on behalf of Plaintiff Kristin Gearhart)* by Defendant Mark Tomforde. (Kadolph, James) (Entered: 02/13/2026) |
| 02/14/2026 | 117 | ORDER granting 116 Joint Motion to Dismiss. Pursuant to the Motion, all claims against Defendant Tomforde are dismissed with prejudice. By Judge S. Kato Crews on 2/14/2026. Text Only Entry(skcja, ) (Entered: 02/14/2026) |
| 02/26/2026 | 118 | MINUTE ORDER: Based on this Court's review of the file, it would appear that nothing remains to be done in the case and it should be closed. However, to the extent the parties disagree, they shall file a Status Report by 3/5/2026 explaining what claims are still pending. If no report is filed, the case shall be closed without further notice.<br><br>By Judge S. Kato Crews on 2/26/2026. Text Only Entry (skclc1) (Entered: 02/26/2026) |
| 03/06/2026 | 119 | ORDER At ECF 118, the parties were afforded an opportunity to file a status report by March 5, 2026 to advise if there was anything remaining in this case, and if nothing was filed, the case would be closed. The Court notes that nothing has been filed since the Court's last Order and this case is now closed. By Judge S. Kato Crews on 3/6/2026. Text Only Entry (skcja, ) (Entered: 03/06/2026) |
| 03/12/2026 | 120 | NOTICE OF APPEAL as to 104 Order on Motion to Dismiss for Failure to State a Claim,,,,,,,,,, 117 Order on Motion to Dismiss by Plaintiff Kristen Gearhart (Filing fee $ 605, Receipt Number ACODC−10876072) (Linnenburger, Paul) (Entered: 03/12/2026) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-00976-SKC-MDB

KRISTEN GEARHART,

Plaintiff,

V.

UNIVERSITY OF COLORADO COLORADO SPRINGS, *et al*.,

Defendants.

---

**ORDER RE: MOTIONS TO DISMISS (DKTS. 74, 77, 79)**

---

When Plaintiff Kristen Gearhart was an undergraduate student studying mathematics and computer science, Defendant University of Colorado Colorado Spring (UCCS) hired Defendant Mark Tomforde as an associate professor in mathematics. Dkt. 64, ¶¶165.[1] Defendants Gene Abrams and Zachary Mesyan, tenured professors in the math department, allegedly recruited Tomforde despite knowing that he had a history of abusive behavior toward female students at his previous university. *Id*. at ¶¶26-67, 117-127, 138-159.

[1] These allegations are from the Second Amended Complaint. Dkt. 64. The Court accepts the allegations as true and construes them in the light most favorable to Plaintiff.

Following Tomforde's recruitment and hiring, another UCCS professor who knew Plaintiff's graduate ambitions suggested that she work with Tomforde as a graduate student. *Id.* at ¶167. Plaintiff began communicating with Tomforde in the summer of 2020, and by the time he began teaching in the fall, Plaintiff alleges Tomforde had begun "grooming" her and isolating her from other members of the math department. *Id.* at ¶¶168, 171. According to the allegations, from the fall of 2020 until Plaintiff left UCCS in December 2022, Tomforde exerted emotional control over her, physically and emotionally abused her, and coerced her into a sexual relationship with him. *Id.* at ¶¶171-182, 185-186, 189-192, 199-211, 215-216. Plaintiff alleges that other students and faculty at UCCS noticed Tomforde's excessive interest in her. *Id.* at ¶235.

In December 2021, Plaintiff told Sean Dean, another UCCS faculty member, about Tomforde's conduct. *Id.* at ¶238. Both Dean and Plaintiff made separate reports to UCCS's Office of Institutional Equity (OIE). *Id.* at ¶¶245-246. But OIE allegedly delayed in following up on Plaintiff's report, and it closed Plaintiff's file without further action. *Id.* at ¶¶247-249. Thereafter, Tomforde, Abrams, and Mesyan allegedly began to retaliate against Plaintiff for making the report. Their retaliation included refusing to change her academic advisor and making disparaging remarks about her to other faculty in the math department and the eventual Title IX proceedings. *Id.* at ¶¶254-263, 292, 296, 301-308, 323-335, 342-343. As a result of the foregoing conduct, Plaintiff left UCCS in December 2022.

Plaintiff filed this lawsuit in April 2024 asserting claims pursuant to Title IX and 42 U.S.C. § 1983 against UCCS, the Board of Regents of the University of Colorado, and Jennifer Sobanet, the UCCS Chancellor (collectively "the University"). She also asserts claims against Tomforde, Abrams, and Mesyan in their individual capacities. Plaintiff amended her original pleading once as a matter of course. Dkt. 7. After the University, Abrams, and Mesyan submitted their original motions to dismiss, Plaintiff sought to amend her complaint a second time.[2] Dkt. 61. The Court granted Plaintiff's motion, and the Second Amended Complaint (SAC) became the operative pleading. Dkts. 62, 64.

The University, Abrams, and Mesyan have again filed motions to dismiss the claims against them in their entirety. Dkts. 74, 79. Tomforde seeks to dismiss Plaintiff's claims in part. Dkt. 77. These matters are fully briefed, and no hearing is necessary. Having considered the SAC, the Motions to Dismiss, the related filings, and the controlling law, the Court GRANTS Defendants' Motions.

## A. LEGAL PRINCIPLES

### 1. Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in

[2] Tomforde filed an answer to Plaintiff's first amended pleadings. Dkt. 40.

the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (internal citations omitted). But the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (cleaned up).

The *Twombly/Iqbal* pleading standard first requires the court to identify which allegations "are not entitled to the assumption of truth" because, for example, they state legal conclusions or merely recite the elements of a claim. *Id.* It next requires the court to assume the truth of the well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. In this analysis, courts "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). The standard is a liberal one, however, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

### 2. Qualified Immunity

Qualified immunity shields individual defendants in Section 1983 actions unless their conduct was unreasonable based on clearly established law. *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). "[W]hen a defendant asserts qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Id.* (quotation omitted). The court has discretion to consider these prongs in any order. *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011). Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

"Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). Raising the qualified immunity defense with a motion under Rule 12(b)(6) subjects the defendant to a more challenging standard than what applies at the summary judgment stage. *Id.* "At the motion to dismiss stage, it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness." *Id.* (cleaned up). The court must consider whether the facts alleged in the complaint plausibly allege a violation of a constitutional right, and whether the right at issue was clearly established. *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013).

## B. ANALYSIS

### 1. The University's Motion to Dismiss (Dkt. 74)

In the SAC, Plaintiff asserts two claims against the University. One claim is for alleged violations of Title IX, and the other is pursuant to 42 U.S.C. § 1983, albeit for violations of undefined constitutional rights. The Court concludes both claims are subject to dismissal.

#### a. 42 U.S.C. § 1983

The University contends Plaintiff's claims under § 1983 are subject to dismissal because they are barred by sovereign immunity, and to the extent they are not, Plaintiff has failed to state a claim for prospective relief. Dkt. 74. "The Eleventh Amendment precludes anyone from suing an arm of the state or asserting a damage claim against state officers in their official capacities." *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). The Eleventh Amendment does, however, permit suits for prospective injunctive relief against state officials acting in violation of federal law. *Ex parte Young*, 209 U.S. 123 (1908).

There is no question that the University of Colorado is an "arm of the state" of Colorado. *Harrison v. Univ. of Colo. Health Scis. Ctr.*, 337 F. App'. 750, 753 (10th Cir. 2009). And therefore, Colorado's sovereign immunity deprives this Court of jurisdiction to consider any claims against the University—including those based on Abrams and Mesyan's "official capacity" actions—seeking retrospective relief in the

form of damages. To the extent Plaintiff still asserts such claims, they are dismissed with prejudice.[3]

Turning to Plaintiff's request for prospective relief, the Court begins by again noting that her claim against the University, via Chancellor Sobanet, does not identify any constitutional violations for which the University is to be held liable. Dkt. 64, ¶¶503-504. And to the extent Plaintiff seeks to rely on her incorporation of the 501 paragraphs that preceded this claim,[4] this is a clear violation of Federal Rule of Civil Procedure 8, and the Court will not allow it. *See Haynes v. Allstate Fire & Cas. Ins.*, No. 19-cv-02397-STV, 2020 WL 816043, at *7 (D. Colo. Feb. 18, 2020) ("[I]t is inappropriate for a plaintiff to incorporate by reference *all* prior allegations into each of her claims."). Neither judges nor defendants are "like pigs, hunting for truffles" buried in the pleadings. *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546

---

[3] Many of Plaintiff's allegations suggest she asserts liability pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In her Response, however, she concedes that *Monell* does not apply against states. Dkt. 89, pp.3-4 n.2. *Quern v. Jordan*, 440 U.S. 332, 338 (1979) ("*Monell* [is] limited to local government units which are not considered part of the State for Eleventh Amendment purposes. . . .").

[4] The SAC contains an abundance of 507 numbered allegations total. This § 1983 claim, which is the last claim pleaded, is merely comprised of three numbered allegations, 502-04. Meaning, the claim relies exclusively on its incorporation by reference of 501 numbered allegations preceding it. This is poor and inexact pleading by any standard. *See, e.g.,* William Shakespeare, *Love's Labour's Lost*, Act 5 scene 1 ("He draweth out the thread of his verbosity finer than the staple of his argument."). Counsel would do well to understand that when faced with 504 numbered allegations, less is more, and certainly more effective when pleading claims. Further, precision, directness, and clarity of pleading the specific facts that support a claim are imperative rules of thumb when in federal court.

(10th Cir. 1995). The Court dismisses Plaintiff's claim on this basis alone. *See also* Section C.3.a., *infra*.

But even if the Court were inclined to accept Plaintiff's clarification in her Response brief (Dkt. 89, pp.5-7), the Court agrees with the University that the purported constitutional violations are not ongoing. *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002). Plaintiff relies on her allegations and claims regarding Tomforde's sexual harassment and abuse. Dkt. 89, pp.5-7. And she cites the allegedly hostile and dangerous environment Defendants Tomforde, Abrams, and Mesyan created, as well as their refusal to allow her to change academic advisors. *Id.* But Plaintiff left UCCS in December of 2022, and therefore, any request for relief would be retrospective in nature. And Plaintiff's reliance on the University's allegedly ongoing discriminatory hiring and tenure practices, *id.* at p.7, is misplaced because (1) these practices are not related to Plaintiff's claims in this matter, and (2) even accepting that the University's hiring and tenure practices created an environment conducive to Tomforde's alleged behavior, it is nevertheless not ongoing with respect to Plaintiff because she is no longer an enrolled student.

The only prospective relief Plaintiff seeks is reinstatement into the UCCS Ph.D. program based on a theory of constructive expulsion and a retraction of any defamatory statements based on her due process claim for damage to her reputation.

Dkt. 64, pp.90-91. But Plaintiff has not stated cognizable claims that would entitle her to either of these requests for relief, as explained below.

**i. Constructive Expulsion**

Regarding claims for "constructive expulsion," the Tenth Circuit has previously discussed the theory, although it did not explicitly name it as such. *Seamons v. Snow*, 84 F.3d 1226, 1234 (10th Cir. 1996). In *Seamons*, a high school student brought a claim for deprivation of his procedural due process rights when he transferred to another school after being subjected to a hostile environment and after the principal suggested he leave the school. *Id.* 84 F.3d at 1230-31. In concluding the student had not stated a claim, the Tenth Circuit observed that before the Due Process Clause can be implicated, "there must be an element of deliberateness in directing the misconduct toward the plaintiff." *Id.* at 1234 (internal quotation omitted).[5] The court found that the plaintiff had not sufficiently alleged deliberate conduct on the part of officials with the purpose of removing him from the school. *Id.*

So too in this case. Plaintiff has not included any allegations that the University engaged in deliberate conduct, the purpose of which was to make her circumstances so intolerable that she would leave school. And even considering Tomforde, Abrams, and Mesyan's conduct, the allegations—while particularly troubling if true—do not support a reasonable inference that they acted with the

[5] The Tenth Circuit also found that the student had not been forced to leave school but rather, had voluntarily transferred. *Seamons*, 84 F.3d at 1234.

purpose of forcing Plaintiff to leave. To be sure, as the Court also discusses below, the purpose of the conduct was apparently to keep Plaintiff under Tomforde's control and supervision. Thus, Plaintiff's allegations neither establish a claim of constructive expulsion against the University nor support her request for prospective injunctive relief.

**ii. Liberty Interest in Reputation**

To state a due process claim for damages to her reputation, Plaintiff must allege (1) the University made statements that "impugn [her] good name, reputation, honor, or integrity;" (2) "the statements must be false;" (3) "the statements must occur in the course of terminating the employee or must foreclose other employment opportunities;" and (4) "the statements must be published." *Workman v. Jordan*, 32 F.3d 475, 481 (10th Cir. 1994). Because this test is written conjunctively, a plaintiff must plausibly allege each element to properly state a claim. *McDonald v. Wise*, 769 F.3d 1202, 1212 n.3 (10th Cir. 2014).

But here, there are no allegations the University published any defamatory statements impugning Plaintiff's name or reputation. At most, the allegations suggest any statements regarding Plaintiff's name, honor, or integrity were made between and among UCCS employees, which is not sufficient for publication. *Asbill v. Hous. Auth. of Choctaw Nation of Okla.*, 726 F.2d 1499, 1503 (10th Cir. 1984) ("[I]ntra-government dissemination, by itself, falls short of the Supreme Court's notion of publication: to be made public."). Thus, this claim must also be dismissed.

**b. Title IX**

The University seeks dismissal of Plaintiff's Title IX claim because the statute of limitations has lapsed. The statute of limitations is an affirmative defense and typically requires development of facts to support dismissing a case on this basis. *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022). The Court may, however, resolve the question on a Rule 12(b) motion "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Id.*

The Colorado statute of limitations for Title IX claims is two years, and therefore, because Plaintiff filed this action on April 10, 2024, any claims that accrued prior to April 10, 2022, are untimely. *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1213 (10th Cir. 2014) (applying the same state statutes of limitations for § 1983 claims to Title IX); Colo. Rev. Stat. § 13-80-102(1)(g) ("All actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" must commence within two years).

Determining the time of accrual is governed by federal law. *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993). The standard rule is federal causes of action accrue "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (cleaned up). It is not necessary for a plaintiff to have all the evidence regarding the cause of her injury for an action to accrue. *Alexander v. Oklahoma*, 382 F.3d 1206, 1215-16 (10th Cir. 2004). "Rather, [the court focuses] on

whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Id.* at 1216.

Plaintiff's Title IX cause of action against the University is based on her allegations that the University knew of Tomforde's harassment, assault, and abuse but did nothing about it. Dkt. 64, ¶¶468-92. The University contends Plaintiff's Title IX claim accrued in December 2021. Dkt. 74, pp.5-6. In particular, the University cites Plaintiff's allegations that she had reached a breaking point with respect to Tomforde's abuse and harassment by December of 2021, at which time she told Sean Dean about Tomforde's conduct. Dkt. 64, ¶¶237-238. Plaintiff and Dean then separately made reports to the Office of Institutional Equity. *Id.* at ¶¶245-46. But according to Plaintiff, OIE never followed up with Dean. *Id.* at ¶247. And it only followed up with Plaintiff "sometime later" when the students were on break between semesters, which was well after Tomforde had allegedly coerced Plaintiff into recanting her statements to Dean. *Id.* at ¶¶243, 248. OIE closed Plaintiff's file without any other follow up. *Id.* at ¶249.

In her Response, Plaintiff argues December 2021 cannot be the accrual date because her claim was not complete at that time, that is, she had not yet been forced to leave the University. She contends her claim did not accrue until December 2022, when the situation got so bad that she was forced to leave school. Dkt. 89, pp.21-22. In support of her argument, Plaintiff cites *Kinoff v. Colorado Sch. of Mines Bd. of Trs.*, No. 21-cv-02657-RMR-KLM, 2023 WL 11898803, at *3 (D. Colo. Feb. 9, 2023),

*report and recommendation adopted*, 2023 WL 11898798 (D. Colo. Mar. 16, 2023), for the proposition that her claim did not accrue until she left UCCS. Dkt. 89, 22-23. Plaintiff misinterprets the court's analysis in *Kinoff*.

In *Kinoff*, the plaintiff was a student at the Colorado School of Mines and a member of the Army Reserve Officers' Training Corps (ROTC). 2023 WL 11898803, at *1. The plaintiff became romantically involved with another student in ROTC, but this student became both mentally and physically abusive. *Id*. According to the plaintiff, an employee of Mines visited her in January 2015 with instructions on how to receive counseling. *Id*. at *2. But the plaintiff continued to feel unsafe at the school, and her mental state deteriorated to the point that she withdrew from Mines in May 2016. She did not file her Title IX action until September 2021. *Id*.

In reviewing Mines' arguments for dismissal, the *Kinoff* court concluded that the statute of limitations had lapsed. *Id*. at *4-5. Contrary to Plaintiff's argument, however, the *Kinoff* court's finding regarding accrual was not dependent on the date the plaintiff left school. Rather, the court noted that *at the latest*, her claim accrued when she left school in May 2016. But the court also found the plaintiff knew or should have known she had a claim against the school while she was still enrolled. *Id*. at *4. Specifically, the court observed that the plaintiff "allege[d] numerous situations in which she lived in fear of encountering [the abusive student] on campus between late January 2015 and May 2016." *Id*. The plaintiff was further aware during the time she was enrolled at Mines that the abusive student "never faced disciplinary

consequences and graduated from Mines in 2016." *Id.* And most importantly to the *Kinoff* Court, the plaintiff "was aware that no one from Mines had reached out to her to discuss her Title IX investigation or report, or provide support in keeping her safe." *Id.* The Court finds this reasoning persuasive and equally applicable to the facts in this case.

Here, Plaintiff knew at least by the middle of January 2022,[6] that OIE had received two reports regarding the harassment and abuse she had endured. Dkt. 64, ¶¶245-246. She also knew that OIE failed to timely follow up with her report or schedule a meeting, only contacting her during the winter break. *Id.* at ¶248 And she knew OIE closed the file without any further follow up. *Id.* at ¶249. Thus, Plaintiff knew or should have known of her Title IX claim in the winter of the 2021-2022 school year. That the consequences of the University's alleged violation were not fully realized until she left school in December 2022, does not toll the statute of limitations.

---

[6] According to the UCCS Registrar's Office, the winter break for the 2021-2022 academic year began on December 18, 2021, and concluded on January 18, 2022. (registrar.uccs.edu/sites/default/files/2023-10/Academic%20Calendar%202021-2028.pdf) (last visited August 21, 2025). *See Armstrong v. JPMorgan Chase Bank Nat'l Ass'n*, 633 F. App'x 909, 911 (10th Cir. 2015) (citation omitted) ("A court may consider facts subject to judicial notice–including facts that are a matter of public record, such as documents filed in other litigation–without converting a motion to dismiss into a motion for summary judgment."); *see also New Mexico ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 703 (10th Cir. 2009) (taking judicial notice of two federal agency websites); *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

*Hull v. Colorado Bd. of Governors of Colorado State Univ. Sys.*, 805 F. Supp. 2d 1094, 1104 (D. Colo. 2011).

Finally, the Court rejects Plaintiff's argument that the continuing violation doctrine saves her Title IX claim. The continuing violation doctrine applies "when the plaintiff's claim seeks redress for injuries resulting from a series of separate acts that collectively constitute one unlawful act, as opposed to conduct that is a discrete unlawful act." *Hamer v. City of Trinidad*, 924 F.3d 1093, 1098 (10th Cir. 2019) (cleaned up). As long as one separate wrongful act occurs within the filing period, a court may consider the entire course of conduct—even those acts falling outside the relevant period. *Id.* (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)). The continuing violation theory, however, "is not permitted for claims against discrete acts of discrimination, such as termination, failure to promote, denial of transfer, or a refusal to hire." *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1184 (10th Cir. 2003) (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). And "[a]n important caveat to the continuing violation doctrine . . . is that it is triggered by continual unlawful acts, not by continual ill effects from the original violation." *Hamer*, 924 F.3d at 1099 (citing *Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011)).

In her Response, Plaintiff argues she has "alleged a continuing course of abusive discriminatory conduct through the fall of 2022 and even beyond with allegations into the fall of 2024 immediately preceding filing of this operative

Complaint." Dkt. 89, p.24. But instead of developing this argument with specific examples and discussion, she only supports this conclusory assertion with a string citation of no less than 363 allegations, nearly three-quarters of the SAC.[7] *Id*. Such a woefully underdeveloped response is akin to no response at all, and the Court will not sift through the multitudes to determine whether the purported continuing conduct exists. *See A Brighter Day, Inc. v. Barnes*, 860 F. App'x 569, 575 (10th Cir. 2021) ("In addition, the qualified-immunity argument was underdeveloped. It contains mostly general legal statements and empty platitudes."); *Tillmon v. Douglas Cty.*, 817 F. App'x 586, 589-90 (10th Cir. 2020) (declining to reach qualified immunity where "defendants' analysis of qualified immunity in that motion [to dismiss] was cursory at best.").

Plaintiff's Title IX claim is time-barred and must be dismissed.

**2. Defendant Tomforde's Partial Motion to Dismiss (Dkt. 77)**

Tomforde seeks dismissal of Plaintiff's claim that he violated her Fourteenth Amendment due process rights to her education and reputation. He also seeks dismissal of Plaintiff's retaliation claim pursuant to the Fourteenth Amendment.

**a. Due Process Right to Education**

Plaintiff asserts Tomforde's conduct resulted in her constructive expulsion from UCCS, and in doing so, Tomforde violated her substantive and procedural due process rights. Tomforde contends he is entitled to qualified immunity. The Court

[7] *See, e.g., supra n.*4.

does not address whether Plaintiff's allegations state a claim for procedural or substantive due process violations because the Court concludes even if she has alleged facts sufficient to state a claim, the law on "constructive expulsion" is not clearly established. *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (courts have discretion to consider the qualified immunity prongs in any order.).

In her Response, Plaintiff has not identified clearly established law permitting procedural or substantive due process claims based on a "constructive expulsion" theory. She first cites several cases addressing what due process is owed to students being dismissed from advanced degree programs. Dkt. 87, pp.5-6. But her claims are based on a theory of constructive expulsion whereas the students in these cases were formally dismissed, albeit involuntarily, from their degree programs based on poor academic performance or testing. *Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 79 (1978) (student dismissed from medical school for poor academic performance); *Gossett v. Oklahoma ex rel. Bd. of Regents for Langston Univ.*, 245 F.3d 1172, 1176 (10th Cir. 2001) (student dismissed from nursing school pursuant to school policy after receiving a "D" in a required course); *Trotter v. Regents of Univ. of New Mexico*, 219 F.3d 1179, 1182 (10th Cir. 2000) (dismissal from medical school for poor academic performance); *Assenov v. Univ. of Utah*, 553 F. Supp. 2d 1319, 1321 (D. Utah 2008) (dismissal from doctoral program after twice failing the qualifying

exams). Thus, Plaintiff's reliance on these cases is misplaced and they do not clearly establish the law based on her legal theory in this matter.

In addition, Plaintiff cites *Woodward v. City of Worland*, 977 F.2d 1392 (10th Cir. 1992) to support her claim. *Woodward*, however, is distinguishable in a significant way: It involved a claim for constructive termination of employment and not constructive expulsion from university. While constructive termination cases may be instructive in determining parameters for theoretical expulsion cases, the Court concludes *Woodward* does not clearly establish the right claimed by Plaintiff in this case.

Finally, Plaintiff relies on *Garcia v. Clovis Municipal Schools*, Case No. CIV 02-1101 WJ/KWR, 2003 WL 27385436, at *4 (D.N.M. March 3, 2003). In *Garcia*, the district court considered the Tenth Circuit's holding in *Seamons v. Snow*, 84 F.3d 1226, 1234 (10th Cir. 1996)—which this Court has already discussed— in conjunction with Tenth Circuit holdings governing constructive discharge in the employment context. *Id*. The *Garcia* Court concluded that to establish "constructive expulsion," a plaintiff "would have to allege that school officials deliberately created an intolerable environment *in order to force a student to leave* and that the conditions within the school were so objectively intolerable that the student had no choice but to leave." *Garcia*, 2003 WL 27385436, at *4 (emphasis added).[8] Although the *Garcia* Court's

[8] And as it already concluded with respect to the University (Section B.1.a.i. *infra*), the Court is also not persuaded that Plaintiff has alleged Tomforde's conduct was

conclusion was thorough and well-reasoned, "district court decisions—unlike those from the courts of appeals—do not necessarily settle constitutional standards or prevent repeated claims of qualified immunity." *Ullery v. Bradley*, 949 F.3d 1282, 1300 (10th Cir. 2020). To be sure, the *Garcia* Court also concluded that a claim for "constructive expulsion" was not clearly established. *Garcia*, 2003 WL 27385436, at *4.

Tomforde is entitled to qualified immunity on this claim.

**b. Due Process Right to Reputation**

Plaintiff also alleges Tomforde "disparaged, degraded, defamed, and spread damaging stories" regarding Plaintiff and in doing so, deprived her of her protected interest in her good name and reputation. *See* Dkt. 64, ¶¶390-95. As with her claim against the University, Plaintiff must allege (1) Tomforde made statements that "impugn [her] good name, reputation, honor, or integrity;" (2) "the statements must be false;" (3) "the statements must occur in the course of terminating the employee or must foreclose other employment opportunities;" and (4) "the statements must be published." *Workman v. Jordan*, 32 F.3d 475, 481 (10th Cir. 1994).

In their papers, the Parties spend the bulk of their time discussing whether Plaintiff has sufficiently alleged a more tangible interest than just damage to her reputation, as required by Tenth Circuit and Supreme Court precedent. *Al-Turki v.*

---

done deliberately *with the intent to force her to leave school*. Rather, the allegations suggest Tomforde's conduct was to maintain Plaintiff as a student under his control.

*Tomsic*, 926 F.3d 610, 617 (10th Cir. 2019) (plaintiff must show that because of the defamation, "a right or status previously recognized by state law was distinctly altered or extinguished.") (quoting *Paul v. Davis*, 424 U.S. 693, 711 (1976)). The Court does not address this issue because it concludes Plaintiff's claim must be dismissed on a different basis.

The SAC alleges Tomforde made the disparaging and defamatory remarks to Abrams and Mesyan and to OIE during the Title IX investigation. There are, however, no allegations Tomforde many any of these statements outside of the University. And as the Court discussed above in addressing the University's Motion, the Tenth Circuit has long held that "intra-government dissemination, by itself, falls short of the Supreme Court's notion of publication: 'to be made public.'" *Asbill v. Hous. Auth. of Choctaw Nation of Okla.*, 726 F.2d 1499, 1503 (10th Cir. 1984) (citing *Bishop v. Wood*, 426 U.S. 341, 348 (1976)). Without allegations plausibly supporting a reasonable inference of publication, this claim must be dismissed.

**c. Retaliation**

In the SAC, Plaintiff added a claim of retaliation pursuant to the Fourteenth Amendment. Dkt. 64, ¶¶396-401. Tomforde seeks dismissal because the Tenth Circuit does not recognize this cause of action. Dkt. 93, pp.2-3. Contrary to Plaintiff's arguments otherwise, the Tenth Circuit has long held that such "a theory of liability for retaliatory conduct does not come within § 1983." *Maldonado v. City of Altus*, 433 F.3d 1294, 1308 (10th Cir. 2006) (internal punctuation omitted), *overruled on other*

*grounds*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *see also Teigen v. Renfrow*, 511 F.3d 1072, 1085–86 (10th Cir. 2007) ("The mere illegality of a retaliatory action under a separate body of law does not [constitute a]. . . violat[ion] of the Equal Protection Clause. . . [i]f this court were to hold otherwise, every claim of unlawful retaliation against a government employer, whether brought under state or federal law, could be transformed into an equal protection claim simply by defining the relevant class as consisting of those employees who challenged the government's employment policies.") (citations omitted). Consequently, this claim is dismissed with prejudice.[9]

**3. Defendants Abrams and Mesyan's Joint Motion to Dismiss (Dkt. 79)**

Plaintiff purportedly asserts two claims against Abrams and Mesyan. The first is brought pursuant to 42 U.S.C. § 1983 and the second under 42 U.S.C. § 1985. Neither states a claim for which relief can be granted.

[9] In her Response, Plaintiff cites two cases for her proposition that she can bring this claim. In her first cited case, *Starrett v. Wadley*, 876 F.2d 808, 814 (10th Cir. 1989), the Tenth Circuit discussed many of the defendant's actions that constituted sexual harassment in violation of the Fourteenth Amendment, which included becoming hostile and firing the plaintiff when she rejected his sexual advances. However, the Tenth Circuit was not asked specifically to consider whether the plaintiff could assert a stand-alone claim of retaliation under the Fourteenth Amendment. Furthermore, this case was issued prior to the Tenth Circuit's clear holdings in *Maldonado* and *Teigen* that bind this Court's analysis. And while Plaintiff's second case citation, *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72 (2d Cir. 2015), does specifically recognize a Fourteenth Amendment retaliation claim, the opinion was issued by the Second Circuit and is not binding precedent on this Court. Furthermore, the Court notes that the Second Circuit appears to be the only court to reach this conclusion.

**a. 42 U.S.C. § 1983**

Plaintiff's "Count II" is asserted against Defendants Abrams and Mesyan in their individual capacities under § 1983. Section 1983, however, is the mechanism by which an individual can sue a government actor in his individual capacity for violating her constitutional rights. *Cuervo v. Sorenson*, 112 F.4th 1307, 1313-14 (10th Cir. 2024). The section "is not itself a source of substantive rights" and cannot be an independent claim for damages or other remedies. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The validity of a claimed constitutional violation is judged "by reference to the specific constitutional standard which governs that right." *Id.* at 394.

Plaintiff's § 1983 claim against Abrams and Mesyan lacks even a basic allegation of what constitutional amendments or rights have been violated by these defendants. Instead, "Count II" is a panoply of legal verbiage encompassing a broad swath of legal theories from negligence, Dkt. 64, ¶411 ("duty of due diligence"), and *Monell* liability, *id.* at ¶424 ("permitted a practice, policy or custom condoning or ratifying"), to defamation, *id.* at ¶456, and deprivation of due process, *id.* at 458.[10] And in a single paragraph—without any cross reference to supporting facts—Plaintiff contends Defendants Abrams and Mesyan "acting with deliberate indifference, violated Plaintiff's civil rights, including the right to equal protection under the law, to be free from unlawful discriminatory practices, to be free from violations of her bodily integrity, to be free from retaliation for engaging in constitutionally protected

[10] *See, e.g., supra* n.4.

activity, to due process and her good name and reputation, and to be free from conduct of state actors that shocks the conscience." *Id.* at ¶429. Lumping these legal conclusions into a single paragraph in the middle of her pleadings simply does not provide Defendants with sufficient notice of the claims against them and does nothing to state a plausible claim.[11]

In her Response, Plaintiff contends Defendants were on notice of the specific constitutional violations and facts supporting them because "Count II" incorporates by reference the preceding 403 paragraphs, which apparently includes the subheadings in her claim against Tomforde. Dkt. 96 at pp.2-3. She then attempts to clarify which constitutional violations she asserts, the elements of those violations, and the supporting allegations. *Id.* at pp.3-21. Her efforts are unavailing. The time for clarity was in the complaint not *post hoc* efforts at clarity offered in a responsive pleading.

To be sure, the SAC is the very definition of "shotgun pleading," which has been widely criticized in this district. *See Haynes v. Allstate Fire & Cas. Ins.*, No. 19-cv-02397-STV, 2020 WL 816043, at *7 (D. Colo. Feb. 18, 2020) ("[I]t is inappropriate for a plaintiff to incorporate by reference *all* prior allegations into each of her claims.") (emphasis in original); *Int'l Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz*, No. 12-cv-00463-CMA-BNB, 2013 WL 212640, at *7 (D. Colo. Jan. 18, 2013) ("This Court has

[11] *Id.*

strongly criticized such use of 'shotgun pleading,' by which a party pleads several counts or causes of action, each of which incorporates by reference the entirety of its predecessors."); *see also Jacobs v. Credit Suisse First Boston*, No. 11-cv-00042-CMA-KLM, 2011 WL 4537007, at *6 (D. Colo. Sept. 30, 2011) (finding "shotgun pleading" to be a "defect" contributing to an award of sanctions). Each of Plaintiff's claims incorporates by reference the allegations of its predecessors, leading to a situation where many of the counts contain irrelevant factual allegations. This style of pleading "foists off one of the pleading lawyer's critical tasks—sifting a mountain of facts down to a handful of those that are relevant to a given claim—onto the reader." *Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224, 1243 (D. Colo. 2014) (quoting *Jacobs*, 2011 WL 4537007, at *6).

It is not Defendants' responsibility to take their best guess at what claims are asserted against them and hunt through the literal hundreds of allegations to determine whether there is factual support for these claims. Nor will this Court engage in the task.[12] It is Plaintiffs' burden of clarity and her counsel may not shift it to her opponents or this Court.

When Plaintiff sought to file her SAC, she represented that her proposed pleading had cured the defects Defendants cited in their original motions to dismiss.

---

[12] The Court also observes Plaintiff's "Count II" is entirely pleaded in the collective without differentiating between Abrams' and Mesyan's respective acts or omissions. Group pleading also violates Rule 8. *See Carrado v. Daimler AG*, No. 17-cv-3080-WJM-SKC, 2018 WL 4565562, at *3 (D. Colo. Sept. 24, 2018).

The Court granted her motion over Defendants objections based on this representation. But instead of honing her claims to survive a 12(b)(6) challenge, she instead grew her pleading adding nearly 200 additional allegations and ballooning it from 47 to 91 pages. Plaintiff's claim against Abrams and Mesyan is neither short nor plain and does not state a claim upon which relief could be granted. Count II is dismissed with prejudice.[13]

**b. Section 1985**

Plaintiff alleges Abrams, Mesyan, and Tomforde conspired to violate her equal protection rights, and therefore, she asserts a claim for conspiracy under 42 U.S.C. §1985(3). The statute prohibits persons from conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. *Tilton v. Richardson*,

[13] Plaintiff is represented by a licensed attorney, and this is her third attempt to plead her claims. In granting Plaintiff's motion to file the SAC, the Court warned Plaintiff that if Defendants again filed dismissal motions, she would not be given leave to amend her pleadings to address deficiencies absent exceedingly good cause. Dkt. 62. But Plaintiff's amendment not only did not clarify her claims and address the Defendants' Rule 12(b)(6) arguments, but it also made them even more opaque than before. Consequently, the Court concludes further attempts to state a claim against Abrams and Mesyan would be futile.

6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971)).

Section 1985(3) does not "apply to all tortious, conspiratorial interferences with the rights of others," but rather, only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin*, 403 U.S. at 101–102. Outside the context of racial discrimination, the Supreme Court has not defined what "otherwise class-based" discrimination may be protected. And the Tenth Circuit declined to decide whether gender is one of the protected classes, *Yaklich v. Grand Cnty.*, 278 F. App'x 797, 802 (10th Cir. 2008), leaving it an open question whether gender bias is covered under this statute. Consequently, because it is not clearly established that Plaintiff's allegations would be covered by §1985(3), these Defendants are entitled to qualified immunity on this claim.[14] *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (Defendants in section 1985 actions are entitled to claim qualified immunity).

Even if gender is a protected class, Plaintiff's claim would nevertheless fail. The Supreme Court has made explicit that §1985(3) applies only to such conspiracies "aimed at interfering with rights ... protected against private, as well as official, encroachment." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 113 (1993). But the Fourteenth Amendment does "not erect a shield against merely private

[14] Plaintiff did not address Defendants' qualified immunity arguments with respect to her 42 U.S.C. §1985(3) claim.

conduct however discriminating or wrongful." *Tilton v. Richardson*, 6 F.3d 683, 687 (10th Cir. 1993). And to the extent Plaintiff also asserts that the Defendants conspired to violate her First Amendment rights, the foregoing is similarly applicable and such a claim must be dismissed. *Id.* (The guarantees of the First Amendment run only against the federal government, and state governments by way of the Fourteenth Amendment.).[15] Thus, Plaintiff's conspiracy claim under 42 U.S.C. § 1985(3) shall be dismissed with prejudice in its entirety against Abrams, Mesyan, and Tomforde.

* * *

For the reasons shared above, the Court GRANTS Defendants' Motions to Dismiss. Plaintiff's claims against the University, Abrams, and Mesyan are dismissed with prejudice. In addition, Plaintiff's Fourteenth Amendment claims against Tomforde for retaliation and for violations of her due process rights to her education and reputation are dismissed with prejudice.

IT IS FURTHER ORDERED that within 14 days of this Order, the remaining Parties shall contact Magistrate Judge Maritza Dominguez Braswell's chambers to reset the Scheduling Order deadlines and commence discovery.

---

[15] In her Response, Plaintiff argues her allegations support a §1983 claim for civil conspiracy to violate her civil rights. But they do not because she has not asserted this claim and cannot add it now by way of her opposition brief. *Smith v. Pizza Hut, Inc.*, 694 F. Supp. 2d 1227, 1230 (D. Colo. 2010).

DATED: August 25, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge

MIME−Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
−−Case Participants: Megan H. Clark (litigationadmin@cu.edu, megan.clark@cu.edu), Amy Christine Colony (amy.colony@coag.gov, denise.munger@coag.gov, latasha.canty@coag.gov), James T. Kadolph (jkadolph@sgrllc.com, loneill@sgrllc.com, mjuniper@sgrllc.com, sohayre@sgrllc.com), Hermine Kallman (hermine.kallman@cu.edu, litigationadmin@cu.edu), Courtney B. Kramer (ckramer@sgrllc.com, mjuniper@sgrllc.com, sohayre@sgrllc.com), Paul M. Linnenburger (paul@attorneyslane.com), Michael D. McMaster (jennifer.davis−weiser@coag.gov, lindaruth.carter@coag.gov, michael.mcmaster@coag.gov), Paige O'Shea Olson (jennifer.davis−weiser@coag.gov, paige.olson@coag.gov), Judge S. Kato Crews (crews_chambers@cod.uscourts.gov), Magistrate Judge Maritza Dominguez Braswell (braswell_chambers@cod.uscourts.gov)
−−Non Case Participants: Lauren Kelsey Peach (lpeach@littler.com)
−−No Notice Sent:

Message−Id:10715575@cod.uscourts.gov
Subject:Activity in Case 1:24−cv−00976−SKC−MDB Gearhart v. University of Colorado Colorado Springs, et al Order on Motion to Dismiss
Content−Type: text/html

**U.S. District Court − District of Colorado**

**District of Colorado**

## Notice of Electronic Filing

The following transaction was entered on 2/14/2026 at 9:04 AM MST and filed on 2/14/2026

| | |
|---|---|
| **Case Name:** | Gearhart v. University of Colorado Colorado Springs, et al |
| **Case Number:** | 1:24−cv−00976−SKC−MDB |
| **Filer:** | |
| **Document Number:** | 117(No document attached) |

**Docket Text:**
**ORDER granting [116] Joint Motion to Dismiss. Pursuant to the Motion, all claims against Defendant Tomforde are dismissed with prejudice. By Judge S. Kato Crews on 2/14/2026. Text Only Entry(skcja, )**

**1:24−cv−00976−SKC−MDB Notice has been electronically mailed to:**

Amy Christine Colony amy.colony@coag.gov, LaTasha.Canty@coag.gov, denise.munger@coag.gov

Courtney B. Kramer ckramer@sgrllc.com, mjuniper@sgrllc.com, sohayre@sgrllc.com

Hermine Kallman hermine.kallman@cu.edu, litigationadmin@cu.edu

Michael D. McMaster michael.mcmaster@coag.gov, Jennifer.Davis−Weiser@coag.gov, lindaruth.carter@coag.gov

Megan H. Clark megan.clark@cu.edu, litigationadmin@cu.edu

Paige O'Shea Olson paige.olson@coag.gov, jennifer.davis−weiser@coag.gov

Paul M. Linnenburger paul@attorneyslane.com

James T. Kadolph jkadolph@sgrllc.com, loneill@sgrllc.com, sohayre@sgrllc.com

**1:24−cv−00976−SKC−MDB Notice has been mailed by the filer to:**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00976-SKC-MDB

KRISTEN GEARHART,

Plaintiff,

v.

UNIVERSITY OF COLORADO COLORADO SPRINGS, *et al.,*

Defendant(s).

---

**NOTICE OF APPEAL FROM FINAL JUDGMENT**

---
\

Plaintiff Kristen Gearhart, by and through her counsel Paul Linnenburger or Lane Linnenburger Lane LLP, appeals to the United States Court of Appeals for the Tenth Circuit from the final judgment and dismissal entered February 14, 2026, which disposed of all remaining claims in this matter, for review of the Order Re: Motions to Dismiss (Doc. 104) as to claims against the University Defendants and Defendants Abrams and Mesyan.

Dated: March 12, 2026.

Respectfully submitted,

*/s/ Paul Linnenburger*

PAUL LINNENBURGER
Lane + Linnenburger + Lane LLP
P.O. Box 172632
Denver, Colorado 80217
Ph: 720.400.8150
paul@attorneyslane.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of March 2026, I filed this pleading electronically through the CM/ECF system, which caused counsel of record for all parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Paul Linnenburger*

Paul Linnenburger